# IN THE COURT OF APPEALS OF IOWA

No. 16-0598
Filed August 2, 2017

**ANTONIO M. JOHNSON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Kevin McKeever, Judge.

Antonio Johnson appeals from the district court's denial of his application for postconviction relief, claiming his guilty plea was invalid and Iowa Code section 903B.1 (2007) is unconstitutional. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and Bower and McDonald, JJ. Potterfield, J., takes no part.

**MULLINS, Presiding Judge.**

Antonio Johnson filed a postconviction-relief (PCR) application to challenge his conviction and sentence for sexual abuse in the third degree. He alleged several grounds, all of which were denied by the district court. Johnson appeals raising two grounds: (1) he did not know and understand he would be sentenced to the life-time special sentence required by Iowa Code section 903B.1 (2007) and (2) the section 903B.1 special sentence is unconstitutional for all persons convicted of class "C" felony sex offenses.

During the guilty plea proceeding, the district court engaged in this colloquy concerning section 903B.1:

> THE COURT: And, finally, there is a sentencing provision in Chapter 903B which provides that you would be placed in the custody of [the Iowa] Department of Corrections for life with a two-year sentence possible for the first parole violation and not to exceed five years for second or subsequent violations during your lifetime.
> Do you understand that provision?
> THE DEFENDANT: Yes, sir.
> THE COURT: You have had an opportunity to talk to your lawyer about that?
> THE DEFENDANT: Yes, sir.
> THE COURT: And do you understand?
> THE DEFENDANT: Yes, sir.

Johnson now claims he did not understand the lifetime special sentence, he would not have pled guilty had he understood, and counsel provided ineffective assistance by failing to file a motion in arrest of judgment. He also argues his low intelligence rendered him incapable of understanding.

Based on the record made at the guilty plea proceeding and the PCR trial, we agree with the PCR court's conclusion Johnson has not proven counsel failed

to perform an essential duty. We affirm on this issue without further opinion. *See* Iowa Ct. R. 21.26(1)(a).

Johnson also claims section 903B.1 is unconstitutional under both the federal and state constitutions, therefore making his sentence illegal. He argues *State v. Kingery*, 774 N.W.2d 309 (Iowa Ct. App. 2009), should not control because there is new research available to support his argument. Based on the reasoning of the PCR court's ruling and our decision in *Kingery*, 774 N.W.2d at 312–15, and considering the reasoning of *Kolzow v. State*, 813 N.W.2d 731 (Iowa 2012), and *State v. Graham*, ___ N.W.2d ___, ___, 2017 WL 2291386, at *9–11, *12–13 (Iowa May 25, 2017), we affirm pursuant to Iowa Court Rule 21.26(1)(a).

**AFFIRMED.**